IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEXANDER S. CAMPBELL,

        Plaintiff,

v.                                                No. 17cv892 MV- LF

CITY OF ALBUQUERQUE, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Short Form), Doc. 2, filed August 30, 2017 ("Short Form Application"), on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 5, filed September 5, 2017 ("Long Form Application"), and on Plaintiff's Complaint under 18 U.S.C. Section 242 for Recovery of Personal Injury Damages and Deprivation of Rights, Doc. 1, filed August 30, 2017 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Long Form Application to proceed *in forma pauperis*, **DENY** Plaintiff's Short Form Application as moot, and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) the combined monthly income of Plaintiff and his spouse is $1,764.00; (ii) the combined monthly expenses of Plaintiff and his spouse total $2,380.84. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his and his spouse's combined monthly expenses exceed their combined monthly income. Because it is granting Plaintiff's Long Form Application, the Court will deny Plaintiff's Short Form Application as moot.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges the following facts in his Complaint. Defendants Macias and McKay, employees of the City of Albuquerque Animal Welfare Department, issued three misdemeanor citations against Plaintiff: (i) NMSA § 9-2-3-1A, Companion Animal with no Current Annual Animal License; (ii) NMSA § 9-2-3-11, No Animal Service Provider Permit; and (iii) Misdemeanor Offense Not Identified. Defendants Macias and McKay also filed a criminal complaint against Plaintiff for the citations in Bernalillo County Metropolitan Court. Plaintiff "was not properly serviced, was not summoned, nor given a citation," and was not aware of the citations or the criminal complaint. The Metropolitan Court issued an arrest warrant for Plaintiff's failure to appear in court. Plaintiff's case has been pending in Metropolitan Court since November 3, 2016. The Metropolitan Court judge presiding over the case has rescheduled the trial date over six times due to "the failure of the City of Albuquerque to appear in court when the Plaintiff has been ready for trail [sic]."

The Court will dismiss Count I of the Complaint – "Violation of 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law)." Complaint at 4-6. Count I also alleges a violation of 18 U.S.C. § 241, Conspiracy against rights. Sections 241 and 242 set forth the fines and terms

of imprisonment for persons who deprive, or conspire to deprive, other persons of any rights, privileges or immunities secured by the Constitution or laws of the United States. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

The Court will dismiss Count II of the Complaint – "Violation of 42 U.S. Code § 1983 Resulting in the Deprecation [sic] of Alexander Campbell's Civil Rights Against the City of Albuquerque." Complaint at 6. "A municipality is not liable solely because its employees caused injury. Rather, a plaintiff asserting a § 1983 claim must show 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) (concluding plaintiff did not plausibly allege that his injuries were caused by a deliberate municipal policy or custom because the complaint cited no particular facts to give rise to an inference that the municipality itself established a deliberate policy or custom that caused plaintiff's injuries). Plaintiff makes the conclusory allegation that the City of Albuquerque "has adopted a de facto policy of allowing the City of Albuquerque Animal Welfare Department to issue citations to individuals without their knowledge as in the Plaintiff's Albuquerque Metropolitan Court case." Complaint at 6. However, Plaintiff does not cite any particular facts which would give rise to an inference that the City of Albuquerque itself established a deliberate policy or custom that caused Plaintiff's injuries.

The Court will dismiss Count III of the Complaint – "Fourth Amendment Claimants (Prosecution Without Probable Cause)." Complaint at 7. Plaintiff alleges that the charges against him "lacked probable cause," that the "warrant for Plaintiff's arrest [was issued] without probable cause," and that the prosecution of his case in Metropolitan Court "was irregular due to

4

the lack of probable cause in the form of an unidentified misdemeanor and the failure of the City of Albuquerque to appear in court when the Plaintiff has been ready for trail [sic]." Complaint at 7. The Fourth Amendment prohibits unreasonable searches and seizures, and the issuance of warrants without probable cause. The Fourth Amendment does not prohibit "unreasonable, unjustified or outrageous conduct in general." *Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992). The charges against Plaintiff and the irregular prosecution of his case do not fall within the Fourth Amendment's prohibition of unreasonable searches and seizures, and the issuance of warrants without probable cause. Other than his conclusory allegation that the Metropolitan Court issued "a warrant for Plaintiff's arrest without probable cause," Plaintiff alleges no particular facts to support the alleged lack of probable cause for the warrant. It appears that the Metropolitan Court had probable cause to issue the warrant because it issued the warrant for Plaintiff's "Failure to Appear in Court." Complaint at 12; *see also Wilkins v. Reyes*, 528 F.3d 790, 801 (10th Cir. 2008) ("Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime").

Count IV of the Complaint is styled "City of Albuquerque Violated Sixth Amendment to the U.S. Constitution and Rule 7-506(b) NMRA (Right to a Speedy Trial)." Complaint at 7-8. The Court will dismiss the federal Sixth Amendment claim because the primary responsibility for assuring Plaintiff a speedy trial lies with the Metropolitan Court and the prosecutors, not the City of Albuquerque. *See United States v. Latimer*, 511 F.2d 498, 501 (10th Cir. 1975) ("the primary burden is placed on the courts and prosecutors to assure that cases are brought to trial"). The Court declines to exercise jurisdiction over the state law claim under Rule 7-506(b) NMRA. *See*

28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

The Court, having dismissed all of Plaintiff's claims, will dismiss the Complaint without prejudice. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim over which the Court has jurisdiction, and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 5, filed September 5, 2017, is **GRANTED;**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Short Form), Doc. 2, filed August 30, 2017, is **DENIED as moot;** and

(iii) Plaintiff's Complaint under 18 U.S.C. Section 242 for Recovery of Personal Injury Damages and Deprivation of Rights, Doc. 1, filed August 30, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**